**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DEYVI SANCHEZ-YNOA,**<br><br>Petitioner,<br><br>*v.*<br><br>**J.L. JAMISON**, *in his official capacity as Warden, Federal Detention Center, Philadelphia*, et al.,<br><br>Respondents. | **CIVIL ACTION**<br><br>**NO. 26-6726-KSM** |

**ORDER**

**AND NOW**, this 9th day of September, 2026, upon consideration of Petitioner Deyvi Sanchez-Ynoa's Petition for Writ of Habeas Corpus (Doc. No. 1) and the Government's Letter Response (Doc. No. 4), the Court finds[1] that this action is governed by the Third Circuit's decision in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). Accordingly, Petitioner's current detention violates the Immigration and Nationality

[1] Respondents filed a letter brief response to the Petition, conceding that "[t]he Court of Appeals recently rejected the government's reading of § 1225(b)(2) in at least some circumstances and concluded that such noncitizens may not be detained without a bond determination." (Doc. No. 4 at 1.) While Respondents claim the instant action implicates a separate provision of the Immigration and Nationality Act, § 1225(b)(1), they—at the same time—admit that Petitioner "is no longer in expedited removal under 8 U.S.C. § 1225, but rather in standard removal proceedings under 8 U.S.C. § 1229a." (*Id.*) So, contrary to Respondents' position, we find that Petitioner is similarly situated to the Petitioners in *Buele Morocho*, and the Immigration and Nationality Act and the Fifth Amendment require a bond hearing prior to his detention. *See Buele Morocho*, 2026 WL 2546223, at *6–10. Further, even if Petitioner was being held pursuant to § 1225(b)(1) and *Buele Morocho* did not apply, Respondents failure to provide him with a bond hearing would ***still*** violate the Immigration and Nationality Act and the Fifth Amendment, as Respondents' letter brief admits. (*See* Doc. No. 4 at 1–2 (citing to eight prior 2026 U.S. District Court for the Eastern District of Pennsylvania opinions, including one from the undersigned, rejecting Respondents' position).)

Act and the Due Process Clause of the Fifth Amendment.[2] As such, it is **ORDERED** that the Petition is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1) or (b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

2. The Government shall **RELEASE** Petitioner from custody immediately. Counsel shall certify compliance with this Order by filing on the docket no later than **3:30 p.m. EDT, today, September 9, 2026.**

3. The Government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

4. If the Government pursues re-detention of Petitioner after that seven-day period, it must first provide him with a bond hearing, at which an immigration judge shall determine whether detention is warranted pending the resolution of Petitioner's removal proceedings. Pending that bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as the proposed destination. The Court will then determine whether to grant the request and permit transfer.

[2] Because the Court finds that Petitioner's detention violates the Immigration and Nationality Act and the Fifth Amendment, we do not reach Petitioner's additional claims regarding the Administrative Procedure Act. (*See* Doc. No. 1 at 23–24.)

5. The Clerk of Court shall mark this matter **CLOSED** upon receipt of the certification of Government counsel discussed above.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

KAREN SPENCER MARSTON, J.